*Kinkead & Buckner, for appellants.*

---

## FELIX CASTEEL *v.* ISAAC FAUBUSH.

**Execution, Sale Under—Sale of Equity of Redemption—Conveyance to Prior Purchaser—Action to Set Aside—Allegations of Petition Not Sufficient.**

It is not alleged by appellees that they at any time paid or offered to pay the prior purchaser his money and interest which he bid for the land, nor did they tender the money to him when they instituted this suit. The amount paid by him was small, but he had a right to it or the land, and appellees having failed to avail themselves of the right secured to them by the statute, the chancellor cannot relieve them.

### APPEAL FROM LAUREL CIRCUIT COURT.

#### October 4, 1872.

OPINION BY JUDGE PETERS:

In March, 1854, appellee recovered a judgment in a justice's court against James Casteel for $45.21. After several unsuccessful efforts to collect their debt by executions directed to constables of Laurel county, the same county in which the judgment was rendered, appellee filed a copy thereof in the office

of the clerk of the circuit court for said county, had it there recorded, and sued out an execution directed to the sheriff of the county on the 28th of November, 1861, which he levied on a tract of land on which the defendant in the execution resided.

In March, 1862, a vendition exponas issued, under which the sheriff made sale of the land on the 10th of May, 1862, when John Links became the purchaser at the price of five dollars, much less than two-thirds of its appraised value, and executed bond with surety for said amount payable to the plaintiffs in the execution. On the 7th of November, 1862, another execution issued on said judgment directed to the sheriff of said county, which he levied on the defendant's equity of redemption in the same land, and on the 10th of January, 1863, sold the equity of redemption which appellee, F. J. Faubush, purchased at the price of $73.55, the full amount of debt, interest and costs due on said execution. And on the 12th of March, 1866, W. P. Evans, the sheriff, who made the sale when Links purchased conveyed the land to R. Wilson by authority of a written order from Links to him, as he recites in his deed, Links having transferred the benefit of his purchase to said Wilson.

Three days after the date of said conveyance this suit in equity was brought by Isaac J. and Henry Faubush against James Casteel, Felix Casteel, R. Wilson and John Links, alleging in their petition that believing Links purchased the land for them, they paid no further attention to it, and they expected that said Casteel would pay the debt, interest and costs and redeem the land; but that James Casteel and Links had combined together to defraud them and that the former had paid $ ——— to induce him to write the order to the sheriff to convey the land to Wilson, and that Wilson, who is the son-in-law of James Casteel, thus more effectually to carry out the fraud combined with and made a pretended sale of said land to Felix Casteel, the son, and that all of said transfers were made without consideration and to defeat them in the collection of their debt. And they pray that the sheriff's deed to Wilson and his sale to F. Casteel be set aside, or if that cannot be done then they pray that they be adjudged to have a prior lien on the land, and that it be subjected to sale to pay their debt.

The allegations of fraud are fully controverted in the answers

of the defendants, and no evidence offered other than copies of the judgment, executions, officers returns thereon, the valuation made by the appraisers and the deed of the sheriff of Laurel county to Wilson.

On final hearing the court below adjudged that appellees had a lien on the land and ordered a sale thereof, or so much as would bring the amount of their debt, interest and costs, including the cost of this suit, and this appeal is prosecuted to reverse that judgment.

It is not alleged in the original and amended petition by appellees that they at any time paid or offered to pay the prior purchaser, Links, his money and interest which he bid for the land, nor did they tender the money to him when they instituted this suit. It is true they do allege that Wilson purchased Links' interest for James Casteel, but it is denied in the answers of the defendants, and there is no evidence of any such arrangement and when the deed was made to Wilson the time for redemption had expired. The amount paid by Links was small, but he had a right to it, or to the land, and if appellees failed to avail them of the right secured to them by Sec. 6, Art. 12, Chap. 36, R. S., 1. Vol., page 484, the chancellor cannot relieve them upon the facts as presented in this case.

Wherefore the judgment is reversed and the cause is remanded with directions to dismiss the petition.

*J. G. Carter, for appellant.*